## Lee Ward v. The State.

### No. 3137. Decided May 20, 1914.

1.—Disturbing Peace—Evidence—Acts and Conduct of Defendant.

Upon trial of disturbing the peace near a private residence, there was no error in admitting in evidence that the lady who lived in the private residence

became frightened and ran when defendant got his winchester out of his wagon, and the question as to whether this disturbed the inhabitants of said private residence was a question for the jury.

### 2.—Same—Private Residence.

Where, upon trial of disturbing the peace by displaying a deadly weapon near a private residence, etc., the evidence showed that the occupants of the house were in the act of moving to other premises, but had not vacated the house where defendant displayed the deadly weapon and thereby frightened the wife and children of the occupant, said residence was still a private residence of the occupant in contemplation of law, and the court having submitted a proper charge, there was no error.

Appeal from the County Court of Montague. Tried below before the Hon. Levi Walker.

Appeal from a conviction of disturbing the peace; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

`*C. E. Lane,* Asistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under an indictment charging him with going into and near a private residence and rudely displaying a deadly weapon—a gun—in a manner calculated to disturb the inhabitants of said private residence.

R. N. McCabe was a tenant of appellant. On the 29th of last December McCabe loaded up his household goods preparatory to moving off the premises of appellant, and after he had loaded up all his household goods, and his wife and children had gotten in the wagon, appellant drove up and said to McCabe, "You have taken my double shovel off, and I want you to bring it back," when McCabe admitted he had taken it off, but claimed it was his, and said, "I turn the place over to you." While McCabe was attempting to drive his cow out, McNabb, who was assisting McCabe in moving, and appellant had some words, and appellant got his Winchester out of his wagon, and Mrs. McCabe testifies: "He (appellant) held his gun in front of him in both hands (indicating and showing how the gun was held) and she and her children became frightened and jumped from off the wagon and ran." Appellant objected to Mrs. McCabe being permitted to testify that she became frightened and ran, on many grounds, but none of them we think are tenable. He was being prosecuted for going near to a private residence and disturbing the inhabitants, and if his acts and conduct were such as to frighten the wife, she would undoubtedly be permitted to so testify. It is true that whether his acts and conduct on the occasion were such as to disturb the inhabitants would be a question for the jury, but if a witness was frightened by his conduct, it is a fact she would be permitted to testify to. However, the court withdrew this testimony from the jury, and instructed them not to consider it.

The only other question presented by the record is that at the time

appellant displayed the Winchester the house was not the private residence of McCabe, but that he had surrendered possession to appellant. This was raised by excepting to the charge of the court, which instructed the jury: "You are further charged that as to whether the house in question was or was not the private residence of R. N. McCabe and family at the time of the disturbance, if any, is a question of fact to be proven like any other fact, and if you have a reasonable doubt as to whether it was the private residence of said McCabe, you will acquit the defendant." Appellant desired the court to find as a fact that the place was not the residence of McCabe at the time, and instruct the jury to acquit. We think, within contemplation of this statute, this house was the private residence of McCabe at the time, and the jury did not err in so finding, and the court submitted the matter as favorably as appellant had a right to expect under the evidence, by instructing the jury it was a question of fact upon which they must pass. It is true McCabe had loaded all his household articles preparatory to moving off the premises, but he had not got off the premises before the trouble arose, and before appellant displayed his rifle in a way to frighten McCabe's wife and children.

The judgment is affirmed.

*Affirmed.*